**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COUNTRY 'SINGING HORSE' STEVENS,<br><br>　　Plaintiff,<br><br>vs.<br><br>HOWARD SKOLNIK, et al.,<br><br>　　Defendants. | 3:09-cv-00227-RCJ (RAM)<br><br>**ORDER** |

Before the court is Plaintiff's Motion for Default Judgment. (Doc. #39.)[1] Defendants have opposed the motion. (Doc. #41). There is no reply. Also before the court is Plaintiff's Motion to Sever Counsel. (Doc. #53). Defendants have opposed the motion (Doc. #55), and Plaintiff has replied (Doc. #58). After a thorough review, the court denies the motions.

### I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000cc *et seq.*, 28 U.S.C. § 994, and the Nevada State Constitution based on the confiscation of his religious materials and interference with his ability to practice his religious beliefs. (Pl.'s Compl. 5, 24, 32 (Doc. #8).) At all relevant times, Plaintiff has been an inmate at either the Lovelock Correctional Center (LCC) or the Northern Nevada Correctional Center (NNCC). (*Id.* at 1.) Defendants are various

---

[1] Refers to court's docket number.

NDOC officials, administrators, and employees. (*Id.* at 2-4.) Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, and punitive damages. (*Id.* at 35-37.) .

## II. DISCUSSION

### A.     Motion for Default Judgment

Plaintiff argues that the court should enter default judgment against all defendants for failure to defend against suit. (Pl.'s Mot. for Default 1 (Doc. #39).) According to Plaintiff, the motion for partial dismissal filed by Defendants does not constitute an answer to his complaint. (*Id.* at 4.)

Defendants contend that they have defended by presenting a defense by motion as authorized under Fed. R. Civ. P. 12(b). (Defs.' Opp'n for Default Judgment 1-2 (Doc. #41).) The court agrees.

Rule 55 of the Federal Rules of Civil Procedure provides that when a party "has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default judgment is inappropriate if a defendant has filed a response indicating its intent to defend the action. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, Inc., 840 F.2d 685, 689 (9th Cir. 1988). "It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.'" *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993). Here, Defendants filed a timely motion pursuant to Fed. R. Civ. P. 12(b)(6) arguing that several aspects of Plaintiff's complaint fail to state a claim upon which relief can be granted. (Doc. #26). Therefore, Defendants have shown an intent to defend, which precludes entry of default.

### B.     Motion to Sever Counsel

Plaintiff argues that the court should remove the Nevada Attorney General's Office as defense counsel because the Attorney General's Office is responsible for prosecuting anyone who violates the Nevada Hate Crime Statute. (Pl.'s Mot. to Sever Counsel 2 (Doc. #53).) According to Plaintiff, Defendants Bauman and Olivas have violated the Nevada Hate Crime

2

Statute, which creates a conflict of interest. (*Id*. at 2-3.) Plaintiff also argues that NRS § 7.105 precludes the Attorney General's Office from acting as defense counsel in this action. *(Id*. at 3.)

Defendants contend that no conflict of interest exists because the Attorney General has not filed criminal charges against Olivas and Bauman for hate crimes. (Defs.' Opp'n to Mot. to Sever Counsel 2 (Doc. #55).) Furthermore, Defendants assert that NRS § 7.105 only prohibits prosecuting attorneys from undertaking criminal defense while NRS § 41.0339 requires the Attorney General to provide a civil defense to state employees acting in good faith in the course and scope of their employment. (*Id*.)

In *Keyter v. Bush*, 2004 U.S. Dist. LEXIS 29046, at \*8-9, 2004 WL 3591125, at \*3 (D.D.C. Aug. 6, 2004), the plaintiff moved to disqualify the United States Attorney from defending the President of the United States in the civil action filed by the plaintiff. According to the plaintiff, because the U.S. Attorney has a duty to prosecute the President for alleged crimes, the U.S. Attorney cannot also defend the President in a civil action. *Id*. at \*9. The court denied plaintiff's motion and found that his argument was "utterly without merit." *Id*. The court concluded that the U.S. Attorney was acting within his statutory authority in representing the President because 28 U.S.C. § 547(2) requires the U.S. Attorney to defend on behalf of the Government in all civil actions in which the United States is concerned. *Id*.

In affirming the district court's holding, the District of Columbia Circuit concluded that plaintiff's argument that "there is a conflict of interest for the U.S. Attorneys to represent the President in this action, has no basis in fact or law." *Keyter v. Bush*, 2005 U.S. App. LEXIS 2792, at \*1, 2005 WL 375623, at \*1 (D.C. Cir. Feb. 16, 2005)(per curiam)(unpublished disposition).

Here, Plaintiff's argument concerning the Attorney General's Office is analogous to the plaintiff's argument in *Keyter*. NRS §§ 41.0338 - 41.0339 require the Attorney General to provide for the defense of any present employee of the state in a civil action. The parties do not dispute that Defendants Olivas and Bauman are Nevada state employees. Therefore, the

3

1  Attorney General's Office is acting within its statutory authority. Moreover, as Defendants
2  correctly argue, NRS § 7.105 only prohibits prosecuting attorneys from undertaking criminal
3  defense. NRS § 7.105 is inapplicable to this case, which is a civil action where the Attorney
4  General's Office is defending. Similar to the plaintiff's argument in *Keyter*, Plaintiff's
5  argument in this case is without merit. Accordingly, Plaintiff's Motion to Sever Counsel is
6  denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (Doc. #39) and Plaintiff's Motion to Sever Counsel (Doc. #53) are **DENIED**.

DATED: May 19, 2010.

_____
UNITED STATES MAGISTRATE JUDGE